**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MILLCREEK SHOPPING CENTER, LLC, )
a Delaware limited liability company, )
                                              )
                **Plaintiff,** )
                                              )
      v.                                   ) **C.A. No. N13C-11-145 PRW**
                                              )
JENNER ENTERPRISES, INC., )
a Delaware corporation, MICHAEL P. )
LEVITSKY and JANET LEVITSKY, )
                                              )
               **Defendants.** )

Submitted: July 15, 2016
Decided: July 19, 2016

## ORDER

*Upon Defendant Janet Levitsky's Motion for Summary Judgment*,
**DENIED**.

This 19th day of July, 2016, upon consideration of the Defendant Janet Levitsky's Motion for Summary Judgment (D.I. 80), the reponse thereto (D.I. 82), movant's reply (D.I. 84), the Commissioner's Report and Recommendation that Janet Levitsky's Motion for Summary Judgment be DENIED (D.I. 85), and the record in this case, it appears to the Court that:

(1)    In this action Plaintiff Millcreek Shopping Center, LLC ("Millcreek"), the Landlord, seeks damages against Jenner Enterprises, Inc. ("Jenner"), the Tenant, for Jenner's breach of contract involving a commercial real property lease

for an approximately 5,220 square foot rental suite in the Millcreek Shopping Center located on Kirkwood Highway in Wilmington, Delaware (the "Rental Unit").

(2)    A lease agreement was entered into on October 17, 2000, for the Rental Unit (the "October 17, 2000 Lease Agreement").  As an inducement to the Landlord to enter into the October 17, 2000 Lease Agreement, Defendants Michael P. Levitsky and Janet Levitsky each executed a personal guaranty ("the Personal Guaranty") guaranteeing Jenner's full and complete performance of the October 17, 2000 Lease Agreement.  The Personal Guaranty was executed the same day as the October 17, 2000 Lease Agreement and was attached to, and made a part of, that lease agreement.

(3)    Millcreek now seeks to hold each of these individuals liable under the Personal Guaranty as a result of Jenner's breach of contract.

(4)    Following oral argument on Millcreek's Motion for Summary Judgment,[1] Millcreek and Defendants Jenner Enterprises and Michael Levitsky agreed, and the Court ordered, that the amount of money damages incurred by Millcreek as a result of Jenner's breach of the lease would be decided by binding arbitration.

---

[1]    Pltf. Mot. for Summ. Judg. (D.I. 31)

(5)     In addition to the issue of the amount of damages due Millcreek, there remained an issue raised during those summary judgment proceedings of Defendant Janet Levitsky's personal liability for those damages by virtue of the Personal Guaranty found in the original October 17, 2000 Lease Agreement.[2] Janet Levitsky opposed Millcreek's application for summary judgment as to her personally, claiming that she was due summary judgment on this issue.[3] Millcreek claimed that Janet Levitsky is liable for any damages arising from the breach due to her personal guaranty.[4]

(6)     The damages and personal liability issues were referred to Superior Court Commissioner Lynne M. Parker for:  (a) arbitration as to the damages; and (b) in accordance with 10 *Del. C.* § 512(b) and Superior Court Civil Rule 132, for proposed findings of fact, conclusions of law, and recommendations for the disposition of the issue of Janet Levitsky's personal liability.[5]

---

[2]     Exh. 2 to Pltf. Open. Brf. at 14 (D.I. 36).

[3]     *See* Def. Janet Levitsky's Opp. to Pltf. Mot. for Summ. Judg. (D.I. 41).

[4]     *See* Pltf. Rep. Brf. at 8-15 (D.I. 44).

[5]     Order Referring to Commissioner (D.I. 59).   On March 1, 2016, Ms. Levitsky filed her own summary judgment motion on the personal liability issue.  Def. Janet Levitsky's  Mot. for Summ. Judg. (D.I. 80).

(7)    The Commissioner filed her Report and Recommendation on June 30, 2016.  The Commissioner recommended that the Court deny Ms. Levitsky's Motion for Summary Judgment Postconviction Relief.[6]

(8)    "Within 10 days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[7] Neither party has filed an objection to the Commissioner's Report and Recommendation.

(9)    The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[8]

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation of June 30, 2016, Defendant Janet Levitsky's Motion for Summary Judgment is **DENIED.**

**SO ORDERED this 19ᵗʰ day of July, 2016.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

cc:    All counsel via File & Serve

---

[6]    *Millcreek Shopping Center, LLC v. Jenner Enterprises, Inc.,* 2016 WL 3752382, at * 9 (Del. Super. Ct. June 30, 2016) (Comm. Rep. and Recommendation) ("Janet Levitsky, by her own conduct in binding Jenner to the continuation/renewal of the October 17, 2000 Lease Agreement, also bound herself on the Personal Guaranty guaranteeing the full performance of Jenner's contractual obligations under that lease agreement.").

[7]    Super. Ct. Crim. R. 132(a)(4)(ii).

[8]    *Id.* at 132(a)(4)(iv).